The AETNA CASUALTY & SURETY COMPANY, Appellant, v. Nora W. STICKNEY, Appellee.

No. 11709.

United States Court of Appeals Sixth Circuit.

April 1, 1953.

Supplemental Order April 15, 1953.

Clinton M. Horn, Cleveland, Ohio, Lewis Levy and J. Paul Geoghegan, Cincinnati, Ohio, Robert N. Gorman, James W. Hengelbrok, Cincinnati, Ohio, and Robert C. Porter, Cincinnati, Ohio, for appellee.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

PER CURIAM.

This appeal having been heard upon the record, briefs and arguments of counsel for the respective parties;

And the Court being of the opinion that from a consideration of the record as a whole it was a question of fact whether the insured, The Murray Foundation, Inc., gave notice to the appellant insurer, The Aetna Casualty and Surety Company, "as soon as practicable" after "becoming aware of any allegation or claim of malpractice" as required by the policy, and that the evidence was sufficient to require such question of fact to be submitted to the jury instead of sustaining appellant's motions for a directed verdict, and that there was substantial evidence to support the verdict in favor of the appellee;

And that the effect of the failure on the part of the insured, if it found such failure to exist, to give the notice required by the policy was submitted to the jury under appropriate instructions;

And no prejudicial error appearing to the Court;

It Is Ordered that the judgment herein be affirmed.

Supplemental Order

PER CURIAM.

It having been brought to the attention of the Court that the quotation in its order heretofore entered on April 1, 1953 of the policy provision herein involved should properly be extended;

It Is Ordered that the quoted words in the second paragraph of said order, to-wit: "becoming aware of any allegation or claim of malpractice" be enlarged to read as follows: "becoming aware of any allegation or claim of malpractice, error or mistake," and that said order in all other respects be unchanged and in full force and effect.